I regret that I am unable to concur with the majority members of the court in the judgment in this case, because I am in sympathy with the general objectives which the legislation under consideration seeks to attain, namely, the prompt and efficient determination of claims under the Workmen's Compensation Law. However, I feel that it contravenes the constitutional grant of power to the Legislature on this subject. We are dealing only with a question of power and not of policy.
In fact, the majority opinion tacitly, if not expressly, concedes that the Legislature, in adopting Section 1465-44a, General Code, exceeded the powers granted to it by Section 35, Article II of the Constitution, but claims that the Legislature was justified in so doing on the theory that the constitutional grant of authority to create the Industrial Commission and clothe it with power to administer the Workmen's *Page 220 
Compensation Law, did not exhaust the police power of the state on this subject, and that that residue of power still rests with the Legislature.
This argument might have force if it were not for the fact that the sovereign power of the state, the people themselves, in the adoption of the constitutional amendment authorizing the Workmen's Compensation Law, undertook to and did, very specifically, define the field in which the Legislature was authorized to act in setting up the machinery for workmen's compensation. In so doing, the people effectually denied the Legislature power to act outside the limits set by the Constitution, else there was no purpose whatever in placing any grant of power in the Constitution. There was not only a grant but also a limitation of power. When there is a grant of power coupled with a specification of the manner of its exercise, additional power may not be assumed and exercised and the constitutional limitations disregarded. When jurisdictional power is assumed and exercised by the people through the Constitution on any subject, it cannot be exercised by the Legislature so as to increase such power in the absence of express authority conferred upon it to do so. City of Elyria v.Vandemark, 100 Ohio St. 365, 371, 372, 126 N.E. 314. If the Legislature, under the police power, could exceed the grant of power given by the Constitution it was futile and foolish to even mention it in the Constitution. I still believe that when and so long as the Constitution speaks it speaks effectively.
The Constitution, Section 35, Article II, as amended, effective January 1, 1924, broadly and clearly says: "Laws may be passed establishing a board [the Industrial Commission] which may be empowered to classify all occupations according to their degree of hazard, to fix rates of contribution to such fund according to such classification, and to collect,administer and distribute such fund, and to determine allrights of claimants *Page 221 thereto." (Italics mine.) Can there be any question that the Constitution contemplates a single body which alone and exclusively has the power and authority to perform each and all of the four inseparable functions, to wit: (a) Classify all occupations, (b) fix rates of contribution to the fund, (c)collect, administer and distribute such fund, and (d) determineall rights of claimants thereto? I do not think there can be spelled out of the language of the Constitution the things which the Legislature has put into Section 1465-44a, General Code, by which there are created four boards of claims, each of which shall have the "same power with reference to hearings, investigations and injuries * * * and all other powers now vested by law or that may hereafter be vested by law in theIndustrial Commission of Ohio and members thereof pertaining to the investigation, hearing and deciding of claims under the Workmen's Compensation Law, referred to such boards by the Industrial Commission of Ohio and any decision rendered by anysuch boards [sic] of claims shall have the same force andeffect as a decision of the Industrial Commission." (Italics mine.)
A vital and most important feature of the Constitution providing for a board (the Industrial Commission) is that the same body and authority, the commission itself, shall have the power to fix rates of contribution, collect the fund, determine the rights of claimants thereto and disburse the fund. The act in question destroys this unity and gives other boards full authority to determine claims and disburse the fund, without review or any control by the authority having the responsibility of the collection of the fund. Stress is laid in the majority opinion on the fact that these boards have no authority or jurisdiction on the rehearing of claims and that this feature of the law retains a supervisory power in the commission. But this provides no protection to the fund because, if the boards are sufficiently liberal in the allowance of claims and *Page 222 
the awards thereon, since the claimant alone has the right to make application for rehearing, there will be no applications for rehearing, and the commission will have no control or supervision of the fund, a most important consideration both to workmen and their employers.
If the Legislature has the power to create additional boards clothed with power to hear and finally determine claims, there is no denying its power to multiply such boards at will even to the creation of one such board for each county in the state. I think such a construction does violence to the provisions of the Constitution and the will of the people who so carefully framed it. It is my view that the advantages sought to be secured by this section of the General Code could well be attained by other methods which would lessen the expense of hearings and, at the same time, preserve to the commission the finality of determination as to claims and the awards thereon, thus securing and maintaining uniformity of decision and administration. In so doing, the Constitution would not be infringed.
I concur in paragraph one of the syllabus but dissent from paragraph two of the syllabus, and from the judgment.
WILLIAMS and MATTHIAS, JJ., concur in the foregoing dissenting opinion. *Page 223